IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| HAROLD S. FIELD, | § | |
| Plaintiff, | § § § | |
| v. | § | 2:19-CV-120-Z-BR |
| | § | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | § § § | |
| Defendants. | § § | |

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS THE COMPLAINT

On April 6, 2020, the United States Magistrate Judge entered findings and conclusions in this case. *See* ECF No. 21 ("FCR"). The magistrate judge recommends that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction because Plaintiff lacks standing. *See* ECF No. 21, at 12. She also finds that Plaintiff insufficiently served process on Defendant, though this finding stands apart from her recommendation of dismissal. *See id.*

Plaintiff timely filed objections to the FCR. *See* Objections to the Findings, Conclusions, and Recommendation, filed April 13, 2020 (ECF No. 22) ("Objections to FCR"). In that filing and its exhibits, Plaintiff "respectfully disagree[s]" with the magistrate judge and maintains he has standing in this case. Objections to FCR at 1. Plaintiff bases his argument on three premises. First, he reads 42 U.S.C. § 7604 as creating a private right to commence a citizen suit against the EPA Administrator for failure to perform his duty. *See* Objections to FCR ¶ 1, at 1. Second, he asserts that he has standing based on the right to petition found in the First Amendment to the Constitution of the United States. *See* Objections to FCR ¶ 2, at 1. Third, he asserts that Article III standing is

not required in federal court cases. *See* Objections to FCR ¶ 3, at 1. Because Plaintiff objects to the FCR, the Court independently reviews the pleadings and other filings in this case *de novo*. *See* FED. R. CIV. P. 72(b)(3).

Federal courts are courts of limited jurisdiction, and Plaintiff bears the burden of proof for establishing that the Court has jurisdiction in this case. *See Life Partners, Inc. v. United States,* 650 F.3d 1026, 1029 (5th Cir. 2011). If Plaintiff does not prove jurisdiction, the Court must dismiss his case and cannot judge any part of the case on its merits. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 93-95 (1998); *McDonal v. Abbott Laboratories,* 408 F.3d 177, 182 (5th Cir. 2005); *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

One essential aspect of proving jurisdiction is proof of standing, because the federal courts must decide cases and controversies rather than act as roving philosopher kings passing judgment on the validity of the nation's laws. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *Broadrick v. Oklahoma,* 413 U.S. 601, 610-11 (1973). To show standing, Plaintiff must prove to the Court that (1) he suffered a particularized and concrete injury in fact; (2) he can fairly trace this injury to Defendant's conduct; and (3) the Court likely could redress this injury. *See Gill v. Whitford,* 138 S. Ct. 1916, 1929 (2018).

Plaintiff does not prove particularized and concrete injury in any of his filings. He articulates a theory of how EPA actions to clean America's air since 1990 *cause* global warming, apparently on a theory that Earth's albedo has decreased from less particulate matter in the atmosphere. *See* Additional Attachments to Complaint 4-9, filed June 12, 2019 (ECF No. 5). But generalized harm to the environment is insufficient for establishing Plaintiff's standing absent imminent harm to his aesthetic, recreational, or scientific interests. *See Friends of the Earth, Inc.*

*v. Laidlaw Envtl. Servs.,* 528 U.S. 167, 181-83 (2000). Plaintiff nowhere alleges such harm, and the Court therefore must dismiss his claims.

Plaintiff's three objections for why he *does* have standing are unavailing. First, 42 U.S.C. § 7604 authorizes citizen suits against the EPA Administrator for failing to implement regulations to *curb* emissions under the *Clean Air Act* — not for failing a purported general duty to prevent global warming. *See* 42 U.S.C. §§ 7601 *et seq.* Second, the First Amendment protects a citizen's right to petition the government without fear of retaliation but *does not* require that a grievance be heard by the *courts* rather than the political branches. *See Lujan,* 504 U.S. at 576. Third, no exception to standing requirements exists for judicial review of agency actions. *See generally id.* (standing required in suit against Interior Department for inadequate environmental protection).

After its *de novo* review of this case, the Court OVERRULES Plaintiff's objections, ORDERS that the findings, conclusions, and recommendation of the Magistrate Judge are ADOPTED, and DISMISSES Plaintiff's Complaint.

**SO ORDERED.**

April 29, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE